**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**PETER J. MESSITTE**                                                           6500 CHERRYWOOD LANE
UNITED STATES DISTRICT JUDGE                                      GREENBELT, MARYLAND  20770
                                                                                                301-344-0632

MEMORANDUM

TO:            Counsel of Record

FROM:       Judge Peter J. Messitte

RE:            Fairfield Investment Company, LLC et al v. Wilkes Artis Chartered et al
                 Civil No. PJM 15-428

DATE:        May 7, 2015

\* \* \*

On February 12, 2015, Defendant Wilks Artis Chartered removed this case to this Court. ECF No. 1. The Notice of Removal represented that neither Defendant Kenneth A. Max nor Defendant Emily K. Betsill had yet been served, and that neither Max nor Betsill waived service. ECF No. 1, at 2. On February 17, attorney Mana Kinoshita of Bonner Kiernan Trebach and Crociata LLP noticed her appearance for all three Defendants. The notice stated that William White Jr. of Bonner Kiernan Trebach and Crociata LLP would remain on as lead counsel for all three defendants. ECF No. 10.

On February 19, 2015, Defendant Wilks Artis filed a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 18. On February 23, Wilks Artis filed a Response to the Standing Order on Removal. ECF No. 19. The Response stated that Defendants Max and Betsill had not yet been served, and did not waive service.

On February 27, Defendant Betsill made a filing styled as "Joinder of Defendant Emily K. Betsill to Wilkes Artis Chartered's Motion to Dismiss Complaint for Failure to State a Claim," in which she requested dismissal of the Complaint on each of the grounds set forth in Wilks Artis's Motion to Dismiss. ECF No. 21. On April 7, Defendant Max made a similar filing styled as "Joinder of Defendant Kenneth A. Max to Wilkes Artis Chartered's Motion to Dismiss Complaint for Failure to State a Claim," which requested the same relief. ECF No. 28. Briefing on Defendant Wilks Artis's Motion to Dismiss became final on March 25.

The Court construes the filings styled as Joinder of Wilkes Artis's Motion to Dismiss, ECF Nos. 21, 28, as Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6) as to Defendants Betsill and Max.

The Court observes that none of the abovementioned Motions to Dismiss assert the defenses of insufficient process or insufficient service of process pursuant to Rules 12(b)(4) or 12(b)(5). By failing to raise the defense that service of process was untimely in a pre-answer motion, a

defendant waives that defense and submits to the personal jurisdiction of the court under Rule 12(h)(1)(B). *See Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. 1991); *see also* 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1353 (3d ed. 2004), at 339-40.

Accordingly, the Court deems the defenses of insufficient process and insufficient service of process waived by all three Defendants.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

_____
/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

cc:     Court File